# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | | |
|---|---|---|
| AVIVA LIFE AND ANNUITY COMPANY AND AVIVA LIFE AND ANNUITY COMPANY OF NEW YORK, | ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. 4:12-CV-603 |
| v. | ) ) | Chief Judge James E. Gritzner |
| STEVEN H. DAVIS, STEPHEN DICARMINE, and JOEL SANDERS, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT STEVEN H. DAVIS'S REPLY IN SUPPORT OF HIS MOTION
TO DISMISS THE COMPLAINT WITH PREJUDICE
AND REQUEST FOR ORAL ARGUMENT**

Matthew G. Whitaker
WHITAKER HAGENOW & GUSTOFF LLP
400 East Court Avenue, Suite 346
Des Moines, Iowa 50309-2017
Tel: 515-868-0210
Fax: 515-864-0035
Email: mwhitaker@whgllp.com

*Counsel for Defendant Steven H. Davis*

Kevin T. Van Wart, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654-3406
Tel: 312-862-2000
Fax: 312-862-2200
Email: kvanwart@kirkland.com

*Lead Counsel for Defendant Steven H. Davis*

Aviva asks this Court to ignore the express relinquishment of its right to assert a securities claim against Davis. Aviva similarly wants this Court to disregard its decisions not to object to the Bankruptcy Court's release of all claims against Davis and not to file a proof of claim against Dewey & LeBoeuf. The Court should reject Aviva's attempt to avoid the consequences of its own actions and should instead dismiss the Complaint in its entirety.

## ARGUMENT

### I. Aviva Lacks Standing To Pursue Its Securities Claims.

Aviva does not dispute that it *expressly assigned* all "claims under any law governing the *purchase and sale of, or indentures for, securities*" to Sea Port Group. (Davis Br. at 8 (quoting Ex. C) (emphasis added).) Aviva instead argues that it has standing, despite the assignment, because its securities claims "could not be assigned under applicable law." (Pl. Br. at 2.) Aviva thus asks the Court to ignore the plain language of its express assignment, to render the assignment a nullity by relying on an inapplicable reservation clause, and to allow it to simultaneously keep both the $19 million it was paid and the rights to a securities claim that it sold to a third party. The Court should reject Aviva's attempt to avoid its own voluntary relinquishment of its rights.[1]

The cases cited by both sides agree that there is no per se rule prohibiting or invalidating express assignments of securities claims. *See, e.g.*, *Smith v. Ayres*, 977 F.2d 946, 950-51 (5th Cir. 1992); *Dobyns v. Trauter*, 552 F. Supp. 2d 1150, 1154 (W.D. Wash. 2008); *Farey-Jones v. Buckingham*, 132 F. Supp. 2d 92, 101 (E.D.N.Y. 2001); *AmeriFirst Bank v. Bomar*, 757 F. Supp.

---

[1] Aviva relies on its purported reservation language to undo its express assignment. However, while Aviva claims it "did not even purport to assign" its claims (Pl. Br. at 15, 24), the assignment plainly states Aviva was transferring all "claims under any law governing the purchase and sale of . . . securities." (Davis Br. at 8 (quoting Ex. C).) This language would be rendered meaningless under Aviva's argument. *See Clearly Canadian Beverage Corp. v. Am. Winery Inc.*, 257 F.3d 880, 889 (8th Cir. 2001) ("[A] construction that renders a provision without meaning is to be avoided where another reasonable construction exists . . . [b]ecause parties rarely include meaningless provisions in their contracts. . . .").

1

1365, 1371 (S.D. Fla. 1991). Each of these cases makes clear that an *assignee's* ability to maintain a Rule 10b-5 cause of action turns on the specific facts of each case. In particular, courts evaluate the facts surrounding the assignment through the lens of two policy concerns articulated by the Supreme Court in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975): (1) the danger of permitting "vexatious," "nuisance," or "strike" suits; and (2) evidentiary problems created by allowing non-purchasers to bring Rule 10b-5 actions. *See Dobyns*, 552 F. Supp. 2d at 1153-54.

Here, neither policy concern supports allowing Aviva to avoid the effect of its assignment. Aviva does not dispute that the ultimate assignee of the securities claim will not, and indeed cannot, assert any claim against Davis. LJF Holdings released all claims against Davis, and the Bankruptcy Court entered an order enjoining any person from asserting such claims against Davis. (Davis Br. at 9.) Thus, there is no risk that upholding the assignment will result in a vexatious, nuisance, or strike suit, or create any evidentiary or proof problems. While the particular facts in this case may be different from those in cases allowing an assignee to pursue a securities claim, the circumstances here are the same to the extent that enforcement of the assignment will not implicate either *Blue Chip* concern.

Significantly, Aviva cites no case in which a court allowed the party making an express assignment of securities claims (*i.e.*, the assignor) to rely on *Blue Chip* to avoid the effect of its own assignment. Aviva argues that *Blue Chip* "governs the issue of the assignability of securities law claims." (Pl. Br. at 2.) *Blue Chip*, however, did not involve the enforceability of an assignment of a securities claim. Rather, the Court addressed "whether the offerees of a stock offering . . . may maintain a private cause of action . . . where they have neither purchased nor sold any of the offered shares." 421 U.S. at 725. And the other cases Aviva cites, such as *Smith*

2

and *Dobyns*, applied the rationale of *Blue Chip* to decide *only* whether an *assignee* had standing to pursue a securities claim, not whether an underlying assignment was valid or whether an *assignor* had standing. Nothing in *Blue Chip* or these other cases permits Aviva to contravene its express assignment. Indeed, the policy underlying *Blue Chip* – to limit standing in Section 10(b) cases – militates against allowing a party to use *Blue Chip* as a sword to establish standing that it otherwise would not have. *Id*. at 741.

**II.     Aviva's Claims Are Barred By The Settlement Release And Bankruptcy Injunction.**

Aviva does not dispute that it appeared in the Dewey & LeBoeuf bankruptcy and thus had notice of proceedings in the Bankruptcy Court. Nor does it dispute that LJF Holdings released all claims against Davis as part of a settlement agreement in the Bankruptcy Court, or that the Bankruptcy Court entered a broad injunction that bars "all Persons" from "commencing or continuing any and all past, present or future Claims . . . against Davis." (*See* Davis Br. at 6 (quoting *Dewey*, No. 12-12321, Dkt. 1372-2).) Aviva never objected to either action in the bankruptcy proceedings, even though both occurred *after* it filed its Complaint here and purportedly believed LJF Holdings had no rights to relinquish. Although on notice of the bankruptcy proceedings, Aviva chose to sit by quietly while Davis paid for a full release. Aviva should not be permitted to argue now that the bankruptcy release and injunction do not bar its claims in this litigation. Rather, the plain language of both documents makes clear that Aviva is barred from pursuing any claim against Davis.

**III.     Aviva Fails To State A Claim Under Section 10(b).**

Aviva does not dispute that it fails to identify a single allegedly fraudulent statement made or drafted by Davis. Nor does it dispute that none of the allegedly misleading statements were attributed to Davis or that Davis did not sign the PPM. (Davis Br. at 10.) Under *Janus*

3

*Capital Group, Inc. v. First Derivative Traders*, 131 S. Ct. 2296, 2302 (2011), Davis did not "make" any allegedly misleading statements and cannot be held liable under Section 10b-5.

Aviva cannot rely on the "group pleading doctrine" to save its claim. (Pl. Br. at 27.) *First*, Aviva fails to allege any *facts* demonstrating that Davis was responsible for contributing to or preparing the PPM, for coordinating the private debt offering, or for communicating with investors, instead relying on bare allegations. (*Id*. at 31; Compl. ¶ 11.) *See, e.g.*, *Pension Comm. of Univ. of Md. Pension Plan v. Banc of Am. Sec., LLC*, 446 F. Supp. 2d 163, 180 (S.D.N.Y. 2006) ("a bare allegation that a defendant has inside information, in the absence of any allegation to support a reasonable inference that the defendant had control over the content of the allegedly fraudulent statement, is not sufficient"); *see also In re Hutchinson Tech. Inc. Sec. Litig.*, 502 F. Supp. 2d 884, 901-02 (D. Minn. 2007) (group pleading doctrine did not apply where officers' job titles did "not on their face indicate that they bear any responsibility for contributing to or preparing corporate financial statements"), *aff'd* 536 F.3d 952 (8th Cir. 2008).

*Second*, many courts, including several within the Eighth Circuit, have held that the group pleading doctrine did not survive the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b), and *Janus*. Before *Janus*, courts noted that the PSLRA requires the plaintiff to plead each fraudulent "act or omission" with particularity as to "the defendant," which can "only reasonably be understood to mean 'each defendant' in multiple defendant cases." *In re Patterson Co. Sec., Derivative & ERISA Litig.*, 479 F. Supp. 2d 1014, 1028 (D. Minn. 2007) (quoting *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 364-65 (5th Cir. 2004)). As these courts explained, "it is inconceivable that Congress intended liability of any defendants to depend on whether they were all sued in a single action or were each sued alone in several separate actions." *Patterson*, 479 F. Supp. 2d at 1028; *see In re MoneyGram*

4

*Int'l, Inc. Sec. Litig.*, 626 F. Supp. 2d 947, 980 n.33 (D. Minn. 2009) (rejecting group pleading doctrine and granting motion to dismiss where plaintiff did not allege defendant "made any specific misrepresentations or omissions, or that he signed any of the SEC filings").[2]  And while the Eighth Circuit has not yet decided this issue, the group pleading doctrine is inconsistent with precedent in the Eighth Circuit, which does not allow "blanket assertions collectively referencing 'the defendants.'" *Patterson*, 479 F. Supp. 2d at 1028.

But if the group pleading doctrine survived the PSLRA, it cannot be reconciled with the Supreme Court's recent holding in *Janus*.  After *Janus*, several courts have recognized that "defendants must have 'made' the allegedly problematic statement," and that "a theory of liability premised on treating corporate insiders as a group cannot survive a plain reading of the *Janus* decision." *In re UBS Sec. Litig.*, 2012 WL 4471265, at *10 (S.D.N.Y. Sept. 28, 2012); *see also Ho v. Duoyuan Global Water, Inc.*, 887 F. Supp. 2d 547, 572 n.13 (S.D.N.Y. 2012).  Thus, because the group pleading doctrine is no longer viable, Aviva's claim must be dismissed.

*Finally*, even assuming that the group pleading doctrine survived both the PSLRA and *Janus*, it does not apply here.  The group pleading doctrine is meant to apply only "to situations involving a plaintiff who is otherwise unable to obtain information necessary to meet Rule 9(b)'s requirements, such as a shareholder in a publicly held corporation," not plaintiffs who "were provided direct information through direct party-to-party communications." *Bank of Montreal*, 743 F. Supp. 2d at 1029.  This was certainly not the case here, where Aviva alleges that it engaged in direct communication with certain Dewey representatives (not including Davis). (Hensing Decl. ¶¶ 6, 8-9.)  Moreover, the group pleading doctrine does not apply to the investor presentation in March 2010, which Davis undisputedly did not attend.  *See, e.g., In re Retek Inc.*

---

[2] *See also, e.g., Bank of Montreal v. Avalon Capital Grp., Inc.*, 743 F. Supp. 2d 1021, 1029 (D. Minn. 2010) ("[I]t is not clear that the group pleading doctrine is viable in this Circuit."); *Cummings v. Paramount Partners, LP*, 715 F. Supp. 2d 880, 900 n.5 (D. Minn. 2010) (same).

*Sec. Litig.*, 2007 WL 14352, at *8 (D. Minn. Jan. 3, 2007) (group pleading doctrine does not apply to oral statements); *Bank of Montreal*, 743 F. Supp. 2d at 1029 (same).

In sum, Aviva's Complaint fails to allege the fundamental element of a Section 10(b) claim against Davis – that he made any allegedly false or misleading statements to Aviva.

## IV.    Aviva Fails To State A Claim Under Section 20(a).

Aviva does not dispute that it can never establish that Dewey & LeBoeuf is "liable" for violating Section 10(b), or that it failed to file a proof of claim to preserve any securities claim against the firm. (Davis Br. at 12-13.) Nor does it dispute that it would have had an avenue to litigate the firm's liability in the Bankruptcy Court had it filed a proof of claim, as other parties with claims against Dewey & LeBoeuf have done. *See Hahn v. Jacobs*, Case No. 12-12321, Dkt. 1804 (S.D.N.Y. Bankr. Oct. 28, 2013) (asserting legal malpractice claim in Bankruptcy Court after filing proof of claim). Based on its own actions, Aviva cannot establish that the allegedly controlled person – Dewey & LeBoeuf – is "liable." Accordingly, Aviva's Section 20(a) claim fails as a matter of law.

## V.    Aviva's State Law Claims Should Be Dismissed Against Davis.

Finally, Aviva's response makes clear that its state law claims against Davis cannot stand. Aviva has not identified a *single fact* that connects Davis with Iowa, and it does not dispute that the Complaint fails to allege that Davis took part in the Iowa investor presentation. (Davis Br. at 14.) Aviva instead cites a declaration that discusses only the connection between DiCarmine, Sanders, and "representatives of Dewey" generally and Iowa. (Pl. Br. at 39-40.) Such vague, general assertions are insufficient as a matter of law to establish personal jurisdiction over Davis. *See Fraserside IP LLC v. Netvertising Ltd.*, 902 F. Supp. 2d 1165, 1176-77 (N.D. Iowa 2012). Moreover, as noted in Davis's opening brief, Aviva has not satisfied the heightened pleading standards for its state law claims. (Davis Br. at 15.)

6

## CONCLUSION

For the foregoing reasons and those outlined in Davis's opening brief, Davis respectfully requests that this Court grant his motion to dismiss with prejudice under Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim.

Dated:  December 9, 2013                          WHITAKER HAGENOW & GUSTOFF LLP

By: /s/ Matthew G. Whitaker
Matthew G. Whitaker
400 East Court Avenue, Suite 346
Des Moines, Iowa 50309-2017
Tel.:  515-868-0210
Fax:  515-864-0035
Email:  mwhitaker@whgllp.com

*Counsel for Defendant Steven H. Davis*

– and –

KIRKLAND & ELLIS LLP
Kevin T. Van Wart, P.C.
300 North LaSalle
Chicago, Illinois 60654
Tel.:  312-862-2000
Fax:  312-862-2200
Email:  kvanwart@kirkland.com

*Lead Counsel for Defendant
Steven H. Davis*

## CERTIFICATE OF SERVICE

I hereby certify on this 9th day of December 2013, that a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

*/s/ Matthew G. Whitaker*
Matthew G. Whitaker