IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AVIVA LIFE AND ANNUITY COMPANY, AND AVIVA LIFE AND ANNUITY COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN H. DAVIS, STEPHEN DICARMINE, and JOEL SANDERS,<br><br>Defendants. | Case No. 4:12-CV-603-JEG-CFB<br><br>**PLAINTIFFS' RESISTANCE TO DEFENDANTS' MOTION TO RECONSIDER DENIAL OF MOTION TO DISMISS OR, ALTERNATIVELY, TO CERTIFY ISSUE FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)** |

Helen K. Michael (admitted *pro hac vice*)
D.C. Bar No. 422972
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street NW, Suite 900
Washington, D.C. 20005-2018
Telephone:  (202) 508-5800
Facsimile:  (202) 508-5858
hmichael@kilpatricktownsend.com

Alfred S. Lurey (admitted *pro hac vice*)
Ga. Bar No. 461500
Stephen E. Hudson (admitted *pro hac vice*)
Ga. Bar No. 374692
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
alurey@kilpatricktownsend.com
shudson@kilpatricktownsend.com

John T. Clendenin #AT0001529
NYEMASTER GOODE, P.C.
700 Walnut St., Suite 1600
Des Moines, IA 50309
Telephone: (515) 283-3138
Facsimile:  (515) 283-8045
jtc@nyemaster.com

*Counsel for Plaintiffs*

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.    FACTUAL BACKGROUND ...................................................................................2

III.   ARGUMENT ...........................................................................................................4

     A.    Defendants' Motion for Reconsideration Should be Denied Because this
           Court Correctly Held that Aviva Has Not Assigned Its Right to Bring
           Securities Claims Against Defendants. ............................................................4

          1.    The Court Properly Recognized the "Extremely Rare Nature of
                 Allowable Express Assignments After <u>Blue Chip</u>," and Concluded
                 that this Case Did Not Involve Such an Assignment, ................................5

          2.    The Court Properly Considered the Evidentiary Concerns
                 Identified in <u>Blue Chip</u> in Holding that the Assignment Had Not
                 Validly Assigned Plaintiffs' Securities Claims. ........................................8

                 a.    The Only Two Cases Recognizing the Validity of an
                        Express Assignment of Federal Securities Claims Since
                        <u>Blue Chip</u> Did So Because Neither of the Concerns
                        Expressed in that Decision Were Present. ...................................9

                 b.    The Validity of the Assignment Is Determined by the
                        Facts and Circumstances at the Time the Assignment Is
                        Made, and Not by What the Putative Assignee May Later
                        Do. ...........................................................................................10

     B.    Defendants' Request to Certify the Order for Interlocutory Appeal Under
           28 U.S.C. § 1292(b) Should Be Denied. .......................................................12

          1.    Defendants Have Not Shown There Is a Substantial Ground for
                 Difference of Opinion. .............................................................................13

           2.    Certification Will Not Materially Advance the Ultimate
                 Termination of the Litigation. .................................................................15

IV.   CONCLUSION .....................................................................................................17

US2008 5755050 1

# TABLE OF AUTHORITIES

## Cases

Afros S.p.A. v. Krauss-Maffei Corp.,
    671 F. Supp. 1402 (D. Del. 1987) ..................................................................11

Albright v. Attorney's Title Ins. Fund,
    No. 2:03CV00517, 2008 WL 376247 (D. Utah Feb. 11, 2008)........................................4

AmeriFirst Bank v. Bomar,
    757 F. Supp. 1365 (S.D. Fla. 1991)........................................................6, 7, 9

Bartemeier v. Central Nat. Fire Ins. Co.,
    180 Iowa 354 (Iowa 1916)..................................................................12

Birnbaum v. Newport Steele Corp.,
    193 F.2d 461 (2d Cir. 1952)..................................................................9

Blue Chip Stamps v. Manor Drug Stores,
    421 U.S. 723 (1975) ................................................................passim

Dobyns v. Trauter,
    552 F. Supp. 2d 1150 (W.D. Wash. 2008)........................................................6

Farey-Jones v. Buckingham,
    132 F. Supp. 2d 92 (E.D.N.Y. 2001) ........................................................6, 7, 9

Hagerman v. Yukon Energy Corp.,
    839 F.2d 407 (8th Cir. 1988)..................................................................4

In re Nucorp Energy Sec. Litig.,
    772 F.2d 1486 (9th Cir. 1985)..................................................................6

In re Oil Spill,
    794 F. Supp. 261 (N.D. Ill. 1992) ..................................................................4

In re Saxon Sec. Litig.,
    644 F. Supp. 465 (S.D.N.Y. 1985) ..................................................................6

Jones v. Casey's Gen. Stores,
    551 F. Supp. 2d 848 (S.D. Iowa 2008) ..........................................................4

Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.,
    Nos. 13-8042, 13-8043, 2014 WL 903374 (8th Cir. Mar. 10, 2014) ..............................15

Phillips v. AT&T Wireless,
    No. 4:04-CV-40240, 2004 WL 1968676 (S.D. Iowa Aug. 30, 2004) ........................5, 16

US2008 5755050 1

Pittsfield Nat. Bank v. Tailer,
    19 N.Y.S. 937 (N.Y. Sup. Ct. 1892,) affirmed without opinion by 33 N.E. 339
    (N.Y. 1893) .................................................................................................................11

Ray v. Union Pac. R.R. Co.,
    971 F. Supp. 2d 869 (S.D. Iowa 2013) ............................................................ 14, 15, 16

Rose v. Ark. Valley Envtl. & Util. Auth.,
    562 F. Supp. 1180 (W.D. Mo. 1983) ...............................................................................6

Smith v. Ayres,
    977 F.2d 946 (5th Cir. 1992).......................................................................................5, 6

Soderberg v. Gens,
    652 F. Supp. 560 (N.D. Ill. 1987)....................................................................................6

Trevino v. Turcotte,
    564 S.W.2d 682 (Tex. 1978) .........................................................................................11

Turcotte v. Trevino,
    544 S.W.2d 463 (Tex. Civ. App. 1976) ........................................................................11

Union Cnty., Iowa v. Piper Jaffray & Co., Inc.,
    525 F.3d 643 (8th Cir. 2008).............................................................................. 12, 13, 14

White v. Nix,
    43 F.3d 374 (8th Cir. 1994)......................................................................... 12, 13, 14, 15

## Statutes

28 U.S.C. § 1292(b) ...............................................................................................................1, 12

## Other Authorities

6A C.J.S. Assignments § 89 ......................................................................................................11

US2008 5755050 1

Plaintiffs, Aviva Life and Annuity Company and Aviva Life and Annuity Company of New York (collectively, "Plaintiffs" or "Aviva"), respectfully submit their resistance (the "Resistance") to Defendants' Motion to Reconsider Denial of Motion to Dismiss or, alternatively, to Certify Issue for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [ECF No. 95] (the "Motion"), showing the Court as follows:

## I.     <u>INTRODUCTION</u>

This Court denied Defendants' motions to dismiss in the Order entered May 19, 2014 (the "Order") (ECF No. 85).  In rendering its decision, the Court had the benefit of extensive briefing (Defendants filed four separate briefs) and lengthy oral argument (the hearing lasted nearly two hours).  The Order, which is 23 pages long and undertakes a thorough examination of the facts and relevant case law, carefully considered and soundly rejected all of the Defendants' arguments.

Nearly 30 days after the Court issued its Order, Defendants now have moved the Court to reconsider its denial of their motion to dismiss.  Defendants argue that the Court made "clearly erroneous finding of fact" and "manifestly erroneous conclusions of law" in ruling that Aviva had not validly assigned its securities claims and that Aviva retained standing to assert those claims against Defendants in this case.  In the alternative, Defendants request that the Court certify its decision denying their motion to dismiss for interlocutory appeal under 28 U.S.C. § 1292(b).

Defendants' request for reconsideration should be summarily denied.  Not only was the Court's ruling on the assignment and standing issue correct, for the reasons discussed below, but Defendants have identified no new fact, no new case, or no new argument that could warrant the Court's reversal of its decision.  Instead, Defendants merely rehash and repeat the same

arguments and invoke the same cases addressed in detail in the Court's Order denying their motions to dismiss.

The Court should also summarily deny the Defendants' alternative request for certification of the Order for an interlocutory appeal under Section 1292(b).  As demonstrated below, the Eighth Circuit has unequivocally held that piecemeal appeals are not only discouraged, but should be granted only in exceptional cases.  As also demonstrated below, Defendants do not and cannot meet the requirements for an interlocutory appeal under Section 1292(b), which are "jurisdictional" under the statute.

Defendants' Motion represents yet another maneuver designed to delay and stall this case for as long as possible.  In a separate motion filed on May 30, 2014 (ECF No. 86), Defendants seek a stay of all activity in this case; in this Motion, in contrast, Defendants do not seek a stay, but instead ask the Court to reconsider its denial of their motion to dismiss or for permission to file an interlocutory appeal.  In other words, Defendants want a stay only when it would prevent Plaintiffs from moving the case forward in discovery, but they do not seek a stay while they continue to request the dismissal of the case on their merits.

This case has been pending for approximately 18 months, but, because of successive motions filed by Defendants, there has yet to be an answer or initial disclosures in this case.  For the reasons addressed below, the Court should not countenance further delays in moving this case forward and should deny Defendants' Motion.

## II.    FACTUAL BACKGROUND

On December 14, 2012, Plaintiffs filed this action ("Complaint") against Defendants arising from the Aviva Plaintiffs' April 16, 2010 purchase of $35 million in face amount of Senior Secured Notes (the "Notes"), offered and issued by Dewey & LeBouef LLP ("Dewey") in March and April of 2010 (the "Note Offering").  As a result of false and misleading statements

that Dewey and the Defendants knew or should have known were deceptive, the Aviva Plaintiffs were misled in their purchase of the Notes, and have suffered significant damages.  Plaintiff's Complaint seeks actual damages and attorneys' fees for violations of federal and state securities laws.  (ECF No. 1, Compl. ¶ 1.)

In response to the Complaint, Defendants Stephen DiCarmine and Joel Sanders filed a Motion to Transfer Venue to the United States Bankruptcy Court for the Southern District of New York (ECF No. 16) and Defendant Steven H. Davis filed a Motion to Transfer Venue to the United States District Court for the Southern District of New York (ECF No. 17) (collectively "Motions to Transfer").  After extensive briefing and oral argument, the Court denied both Motions to Transfer on September 9, 2013 (ECF No. 51).

Defendants then filed separate Motions to Dismiss on October 9, 2013 (ECF Nos. 55 and 56).  Again after extensive briefing and oral argument which occurred on March 13, 2014, the Court denied Defendants' Motions to Dismiss on May 19, 2014 (ECF No. 85).

Defendants then filed a Motion to Stay on May 30, 2014 (ECF No. 86).  On June 17, 2014, Plaintiffs filed their Resistance to Defendants' Motion to Stay (ECF No. 96).  On June 26, 2014, Defendants filed their Reply in support of their Motion to Stay (ECF No. 100).  The Motion to Stay is currently pending before the Court.

On June 16, 2014, Defendants' filed the instant Motion, 17 days after they had moved to stay all activity in this case until the pending criminal case in New York concludes (ECF No. 95).  The Motion concerns the assignment and standing issue, which was extensively discussed and analyzed in both parties' briefing on Defendants' Motions to Dismiss and the Court's Order.   On this issue, the facts are simple and straightforward.  In May 2012, Aviva sold the Notes at issue for a substantial loss, to Sea Port Group Securities, LLP ("Sea Port Group").  In

-3-

connection with the sale of the Notes, Plaintiffs assigned certain "Transferred Rights" to Sea Port Group by letter agreement ("Assignment").  The Assignment was dated May 17, 2012.

Sea Port, in turn, assigned its interests in the Notes to LJF Holdings, L.L.C.   The ultimate release executed by LJF in connection with proceedings in the Dewey bankruptcy, which Defendants rely on, occurred 12 months later on May 30, 2013.

## III.   ARGUMENT

### A.   Defendants' Motion for Reconsideration Should be Denied Because this Court Correctly Held that Aviva Has Not Assigned Its Right to Bring Securities Claims Against Defendants.

Motions for reconsideration serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence."  Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (citations omitted).  Indeed, Defendants admit that the purpose of a motion to reconsider under Rule 54(b) is to "correct any 'clearly' or 'manifestly' erroneous findings of facts or conclusions of law."  Defendants' Brief in Support of the Motion ("Def.'s Br.") at 4 (citing Jones v. Casey's Gen. Stores, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008)).

It is equally settled that reconsideration is not warranted merely because Defendants wish to rehash arguments this Court has already thoroughly considered and rejected.  Albright v. Attorney's Title Ins. Fund, No. 2:03CV00517, 2008 WL 376247, at *2 (D. Utah Feb. 11, 2008) ("A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court."); In re Oil Spill, 794 F. Supp. 261, 267 (N.D. Ill. 1992) ("motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments.") (citations omitted).  As this Court has previously recognized, this principle applies with particular force when "the parties fully briefed the relevant issues," "[t]he Court then had the added benefit of the oral arguments presented by the parties," and "the Court fully understood the issues and the arguments made by

US2008 5755050 1

the parties." <u>Phillips v. AT&T Wireless</u>, No. 4:04-CV-40240, 2004 WL 1968676, at *2 (S.D.

Iowa Aug. 30, 2004) (Gritzner, J.) (denying defendant's motion for reconsideration "[w]ithout

revisiting the issues decided by the Court in its [] order," and "find[ing] that reconsideration is

not warranted").

There is no basis whatsoever for reconsideration of the Court's Order here.  Defendants'

Motion improperly attempts to rehash arguments that have already been exhaustively briefed and

fully presented during two hours of oral argument.  Not only have Defendants failed to identify

any erroneous findings of fact or conclusions of law, let alone any "clear" or "manifest" error,

but the Court's holding was correct and fully supported by the controlling Supreme Court

precedent and other federal decisions considering the validity of assignment of securities claims.

The Court plainly understood the relevant issues and arguments, and Defendants merely disagree

with this Court's ruling.  This Court should summarily deny Defendants' Motion without

revisiting the issues previously decided in its Order.

> **1.**      **The Court Properly Recognized the "Extremely Rare Nature of Allowable Express Assignments After <u>Blue Chip</u>," and Concluded that this Case Did Not Involve Such an Assignment,**

Applying <u>Blue Chip Stamps v. Manor Drug Stores</u>, 421 U.S. 723 (1975) ("<u>Blue Chip</u>"),

the Court correctly held that Plaintiffs had not validly assigned their right to bring securities

claims against Defendants.  Order at 11.  In <u>Blue Chip</u>, the United States Supreme Court "tightly

restricted the availability of Rule 10b-5 actions" by severely limiting standing to bring such suits,

holding that to have standing a plaintiff must, with respect to the securities at issue, be either (1)

an actual purchaser, as was Aviva with respect to the Notes, or (2) the seller of such securities.

<u>Blue Chip</u>, 421 U.S. at 754-55; <u>Smith v. Ayres</u>, 977 F.2d 946, 949-50 (5th Cir. 1992).  The

Supreme Court's holding in <u>Blue Chip</u> was premised on two policy considerations: (1) the

danger that an expansion of the class of the potential plaintiffs would result in "vexatious" or

-5-

"nuisance" suits; and (2) the evidentiary problem created by allowing non-purchasers or non-sellers to bring a Rule 10b-5 claim.  Blue Chip, 421 U.S. at 740-43.

Since the Supreme Court rendered this decision, federal courts have recognized the significance of Blue Chip as "[t]he guidepost case [for] determining standing rules for 10b-5 actions." Smith, 977 F.2d at 949-50.  Accordingly, after Blue Chip, absent extraordinary circumstances not implicating any of the considerations announced in that decision, federal courts have consistently refused to recognize the validity of assignments of federal securities claims.  See Smith, 977 F.2d at 950-51; Dobyns v. Trauter, 552 F. Supp. 2d 1150, 1156-57 (W.D. Wash. 2008).

Consistent with these decisions, the Court's Order correctly recognized "the extremely rare nature of allowable express assignments after Blue Chip" in determining that the assignment at issue here did not serve to transfer Plaintiffs' right to bring its securities claims to the assignee of the purchaser of the Notes from Plaintiffs.  Order at 11.

Significantly, after Blue Chip, no court has upheld the validity of an implied assignment, or an automatic assignment,[1] and only *two federal district court cases* – Farey-Jones v. Buckingham, 132 F. Supp. 2d 92, 100-02 (E.D.N.Y. 2001), and AmeriFirst Bank v. Bomar, 757 F. Supp. 1365, 1370-71 (S.D. Fla. 1991) – have found express assignments of federal securities claims to be valid.

As the Court also properly concluded in its Order, both Farey-Jones and AmeriFirst turned on "very unique factual situations" that are easily distinguished from this case.  Order at

---

[1] Smith, 977 F.2d at 950 ("Many courts have relied upon th[e] premise [that Blue Chip was intended to tightly restrict the availability of Rule 10b-5 actions] to hold that 10b-5 actions are not automatically assigned when the security is sold.") (citing In re Nucorp Energy Sec. Litig., 772 F.2d 1486, 1490 (9th Cir. 1985); Soderberg v. Gens, 652 F. Supp. 560, 564 (N.D. Ill. 1987); In re Saxon Sec. Litig., 644 F. Supp. 465, 470-72 (S.D.N.Y. 1985); Rose v. Ark. Valley Envtl. & Util. Auth., 562 F. Supp. 1180, 1189 (W.D. Mo. 1983)).

11 ("This [case] is in no way similar to the facts in <u>Farey-Jones</u> and <u>AmeriFirst,</u> the two cases that allowed an express assignment of a § 10(b) claim to stand.");.

The Court correctly reasoned that this case is "in no way similar to" <u>Farey-Jones</u>.  Order at 11.  <u>Farey-Jones</u> involved an "unusual" situation in which a limited partnership expressly assigned its federal securities claims to its general partner, which, by that time, was the only partner remaining in the partnership.  132 F. Supp. 2d at 101.  The limited partnership thus transferred these securities claims to the only person retaining an interest in the partnership.  <u>Id.</u> The <u>Farey-Jones</u> court also emphasized that, irrespective of the assignment, the general partner "would have been the person testifying on behalf of the limited partnership."  <u>Farey-Jones</u>, 132 F. Supp. 2d at 101-02.

The Court likewise correctly reasoned that this case is "in no way similar to" <u>AmeriFirst</u>. Order at 11.  <u>AmeriFirst</u> involved a securities class action brought by shareholders  (the "Class") of AmeriFirst Bank (the "Bank") against the Bank, its formers officers and directors, and its former accounting firm.  <u>AmeriFirst</u>, 757 F. Supp. at 1369.  In the context of a class action settlement agreement between the Class and the Bank, the Class assigned the bank a 20% interest in their 10b-5 claims.  <u>Id.</u>  Subsequently, the Bank brought an action asserting the assigned securities claims (the "Bank Action").  After the Bank Action was filed, the Bank and Class moved to consolidate the Bank action and class action, and the court found that the 10b-5 claims arose out of a "common nucleus of operative facts" such that one "would ordinarily be expected to try them in one judicial proceeding."  <u>Id.</u> at 1374.  Thus, in <u>AmeriFirst,</u> the actions were going to be consolidated and tried together, so the Rule 10b-5 claims were going to be litigated by the injured parties.

In stark contrast to the circumstances presented in these cases, the assignment at issue here was to a stranger to the securities offering.  The assignee of the purchaser of the Notes from

Aviva had no knowledge of the considerations guiding Aviva's decision to purchase the securities or of the misstatements or omissions Aviva relied upon in making that decision. This Court correctly concluded that <u>Farey-Jones</u> and <u>AmeriFirst</u> provide no support for a finding that the assignment at issue here served to transfer Aviva's securities claims and deprive it of standing to bring these claims in this action.

Significantly, Plaintiffs have found no case after <u>Blue Chip</u> that has recognized the validity of an assignment of securities claims under the facts presented in this case, and Defendants certainly have not cited any such decision. Defendants' Motion should be summarily denied for this reason alone.

**2. The Court Properly Considered the Evidentiary Concerns Identified in <u>Blue Chip</u> in Holding that the Assignment Had Not Validly Assigned Plaintiffs' Securities Claims.**

In an effort to support reconsideration, Defendants contend that the Court made both "manifestly erroneous conclusions of law" and a "clearly erroneous finding of fact" in ruling that the evidentiary concerns raised in <u>Blue Chip</u> foreclose a valid assignment here. Defendants argue that the Court made "manifestly erroneous conclusions of law" by invalidating Aviva's express assignment under <u>Blue Chip</u>, despite finding no risk of vexatious litigation. Def.'s Br. at 6-8. Defendants further argue that the Court made a "clearly erroneous finding of fact" when it found that Aviva's assignment was not valid to confer standing under the federal securities laws owing to the potential evidentiary issues the assignment raised. Def.'s Br. at 6-8. This finding is clearly erroneous, Defendants assert, on the ground that no evidentiary concerns will ever arise since the assignee, LJF Holdings, no longer could bring any securities claims against Defendants because it has released such claims. Def.'s Br. at 5-6. Neither of these arguments has merit.

-8-

     a.     **The Only Two Cases Recognizing the Validity of an Express Assignment of Federal Securities Claims Since <u>Blue Chip</u> Did So Because Neither of the Concerns Expressed in that Decision Were Present.**

Defendants' suggestion that an assignment is valid unless *both* <u>Blue Chip</u> policy concerns are present stands the principles applied in <u>Blue Chip</u> and its progeny upside down.  As this Court correctly recognized, <u>Blue Chip</u> reaffirmed the rule, first articulated by the Second Circuit, that "limits the class of plaintiffs [in securities cases] to those that have at least dealt in the security to which the prospectus, representation, or omission relates . . . . by way of purchase or sale."  Order at 7 (quoting <u>Blue Chip</u>, 421 U.S. at 747 and referring to <u>Birnbaum v. Newport Steele Corp.</u>, 193 F.2d 461 (2d Cir. 1952)).  For this reason, and as this Court and other federal courts also have concluded, valid assignments are the exception, not the rule, because the primary purpose of <u>Blue Chip</u> is to *severely restrict* standing to bring a private claim under Rule 10b-5 to the original purchaser or seller of the securities.  That is why no court has ever held that <u>Blue Chip</u>'s dual policy concerns are elements that must both be present to foreclose a valid assignment.

Indeed, the only two cases that have recognized the validity of an express assignment of federal 10b-5 claims, <u>Farey-Jones</u> and <u>AmeriFirst</u>, not only noted the unusual circumstances of the assignment, but also found *neither* of the concerns expressed in <u>Blue Chip</u> present.  <u>Farey-Jones</u>, 132 F. Supp. 2d at 101-02 (noting "[t]he "instant express assignment of 10b-5 rights is unusual" and finding the express assignment "does not 'contravene[] the policy considerations behind the standing requirements of *Blue Chip* and its progeny'"); <u>AmeriFirst</u>, 757 F. Supp. at 1372 ("[t]he concerns expressed in *Blue Chip* are not present in the case at bar").

The Court correctly recognized that, absent "rare" circumstances in which the concerns <u>Blue Chip</u> noted in reaffirming the <u>Birnbaum</u> rule are not implicated, express assignments are

not "allowable." Order at 8. As required by <u>Blue Chip</u> and its progeny, the Court correctly

rejected Defendants' argument that the assignment at issue here served to transfer Plaintiffs'

securities claims because the assignment did implicate evidentiary concerns expressed in <u>Blue</u>

<u>Chip</u>.

> **b.  The Validity of the Assignment Is Determined by the Facts and Circumstances at the Time the Assignment Is Made, and Not by What the Putative Assignee May Later Do.**

There is equally no merit to Defendants' argument that the Court's conclusion that the

assignment at issue implicates evidentiary concerns identified in <u>Blue Chip</u> is clearly erroneous.

Defendants assert that this conclusion "cannot be squared with the fact that LJF Holdings," the

assignee of the purchaser of the securities from Plaintiffs, can no longer bring any securities

claims against them. Def.'s Br. at 5.

Contrary to that assertion, the validity of the assignment must be assessed at the *time the*

*assignment was made*, not months or even years later when the putative assignee might attempt

to assert the claim. Indeed, it makes no sense to suggest, as Defendants' argument implies, that

the assignment may have been invalid for at least a year, given the <u>Blue Chip</u> concerns, but then

suddenly became valid when the assignee of the assignee released its claims. Moreover, if the

assignment was invalid at the time it was executed, then the assignee (or in this case the second

assignee) acquired no valid title or right to the securities claims enabling it to release or waive

them. *See* note 2, *infra*. It is nonsensical to assert that the after-the-fact release given by the

second assignee, LJF Holdings, in May 2013, more than a year after the original assignment that

ineffective to transfer Aviva's securities claims under <u>Blue Chip,</u> could serve retroactively to

render that original assignment effective to transfer Aviva's securities claims because the <u>Blue</u>

<u>Chip</u> evidentiary concerns were no longer implicated once the release was executed by the

second assignee.

-10-

The law in other contexts is clear that the validity of an assignment is determined at the time of the assignment.  Turcotte v. Trevino, 544 S.W.2d 463, 479 (Tex. Civ. App. 1976), reversed on other grounds by Trevino v. Turcotte, 564 S.W.2d 682 (Tex. 1978) ("The validity of any instrument is to be determined as of the time it was made, and in the light of the circumstances surrounding the parties at that time, not at some subsequent date"); Pittsfield Nat. Bank v. Tailer, 19 N.Y.S. 937, 938 (N.Y. Sup. Ct. 1892,) affirmed without opinion by 33 N.E. 339 (N.Y. 1893) ("[t]he assignment, like every other instrument, is good or bad at the time of its making.  If it is valid in its creation, no subsequent fraudulent or illegal acts of the party can invalidate it; and if it is invalid, then no subsequent act can give it validity."); see also Afros S.p.A. v. Krauss-Maffei Corp., 671 F. Supp. 1402, 1446 (D. Del. 1987) (refusing to recognize patent-infringement plaintiff standing as an assignee where the assignment was invalid at the time the suit began, despite subsequent ratification of the assignment); 6A C.J.S. Assignments § 89 ("An invalid assignment is usually inoperative or ineffective for all purposes . . .").

The Court correctly applied these settled principles in concluding that the assignment at issue raised the evidentiary concerns underpinning Blue Chip.  At the time assignment was made here, Plaintiffs' assignment of its Rule 10b-5 claims to Sea Port Group clearly would have implicated the evidentiary concerns raised in Blue Chip.  Sea Port Group or any future assignee was not the actual purchaser of the securities, had no relationship to Plaintiffs, and would have to rely on Plaintiffs' documents and testimony to prove its case.  Any after-the-fact release by the assignee of the purchaser of securities claims against Defendants has no bearing on the validity of the assignment at the time it was made.  Thus, the Court correctly found that the evidentiary concerns raised in Blue Chip are present because any suit by Sea Port Group or a further assignee "would [] require the involvement of Plaintiffs to prove its case."  Order at 11.  Any

-11-

subsequent purported release of the claims has no bearing on the validity of the assignment at the time it was made.[2]

For the above reasons, the Court's conclusion that Aviva had not validly assigned its securities claims was correct. Defendants' Motion should be denied.

**B.     Defendants' Request to Certify the Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b) Should Be Denied.**

The Court also should summarily deny Defendants' alternative request for certification of the Order for an interlocutory appeal because Defendants cannot meet the requirements for such certification. Section 1292(b) establishes three requirements for certification: "the district court must be 'of the opinion that' (1) the order 'involves a controlling question of law'; (2) 'there is substantial ground for difference of opinion'; and (3) certification will 'materially advance the ultimate termination of the litigation.'" White v. Nix, 43 F.3d 374, 377 (8th Cir. 1994) (citations omitted). These requirements are jurisdictional, and the district court cannot allow an interlocutory appeal unless each of them is met. Union Cnty., Iowa v. Piper Jaffray & Co., Inc., 525 F.3d 643, 645-646 (8th Cir. 2008).

The Eighth Circuit also has instructed that "[i]t has [] long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." White, 43 F.3d at 376 (citations omitted). Accordingly, courts

---

[2] The law is equally clear that, where an assignment of rights is invalid at the time of the transaction for any reason, the assignor maintains the rights assigned. See Order at 11 (citing Bartemeier v. Central Nat. Fire Ins. Co., 180 Iowa 354, *28 (Iowa 1916), which states that if an assignment is incomplete, "the assignor's title and right of possession is indisputable"); see also ECF No. 60, at 17-18 (citing much additional authority supporting this principle). The Court correctly applied this principle in rejecting Defendants' alternative argument that, even if the "assignment did not validly transfer Plaintiffs' right to bring their securities claims, Plaintiffs did not retain the right to bring such claims due to their attempt to transfer those rights to Sea Port Group." Order at 11. The Court soundly discounted that argument because it would "simply allow the claim to vanish, and thus preclude the pursuit of the fraud by the initially wronged party." Id.

in the Eighth Circuit have made clear that "[a] motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." Id. at 376; see also Union Cnty., 525 F.3d at 645-646 ("Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination") (citations omitted).

Those requirements are fatal for Defendants' request for certification, even assuming there is a controlling question of law, because Defendants cannot meet the second and third requirements necessary for certification for an interlocutory appeal.  Therefore, Defendants' request for certification must be denied.

**1.      Defendants Have Not Shown There Is a Substantial Ground for Difference of Opinion.**

Defendants have not met the jurisdictional requirement that there is a substantial ground for difference of opinion regarding this Court's ruling that the assignment at issue was invalid under Blue Chip, which is the predicate for the Court's determination standing to pursue their securities claims.  As demonstrated above, *no court* since Blue Chip has held that implied assignments are valid, and *no court* has held that an express assignment (which is functionally indistinguishable from an implied one) is valid under the facts presented here.   See, supra, § Part. III.A.1.

Citing law from another Circuit and ignoring cases from the Eighth Circuit, Defendants argue that "substantial ground for difference of opinion exists 'if the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." Def.'s Br. at 9.  Defendants further insist that "[t]he fact that there is no case law on this question warrants certification to the Eighth Circuit."  Def.'s Br. at 10.

-13-

Defendants are wrong on multiple levels.  There is no substantial ground for difference of opinion on the standing issue decided by the Order in this case.  And even if it were true, as Defendants argue, the fact that there is "dearth of cases" on this issue would not support certification in this judicial circuit.

The law in the Eighth Circuit is clear: substantial ground for difference of opinion for purposes of certification does not exist merely because there is a "dearth of cases" of the issue. Union County, 525 F.3d at 647 ("While identification of a sufficient number of conflicting and contradictory opinions would provide a substantial ground for disagreement, [ ] a dearth of cases does not constitute substantial ground for difference of opinion.") (internal quotations and citations omitted); White, 43 F.3d at 378 (finding second factor not present and recognizing "substantial ground for difference of opinion does not exist merely because there is a dearth of cases") (citations omitted); Ray v. Union Pac. R.R. Co., 971 F. Supp. 2d 869, 896 (S.D. Iowa 2013) (rejecting argument that the fact that the Eighth Circuit has not yet addressed the issue is sufficient to create a substantial ground for difference of opinion and recognizing "the Eighth Circuit [has] seemingly rejected a lack of case law as sufficient to satisfy the second § 1292(b) element" and finding "[d]efendant's lack of case law problematic").

Defendants ignore not only the Eighth Circuit authority holding that a dearth of cases cannot meet the second requirement, but also ignore a recent decision from the Southern District of Iowa, which rejected the same argument and recognized that the Eighth Circuit requires more than a lack of precedent to constitute substantial ground for difference of opinion.  Union Cnty., 525 F.3d at 647; White, 43 F.3d at 378; Ray, 971 F. Supp. 2d at 896.

Defendants' argument that this Court should grant their request for certification because "substantial authority outside this Circuit conflicts with this Court's holding" also runs contrary to Eighth Circuit precedent.  Def.'s Br. at 10.  Defendants claim that they cite "several cases

-14-

where a court conferred standing on an assignee following an express assignment of claims," but only point to only two federal district court decisions, <u>Farey-Jones</u> and <u>AmeriFirst</u>.  <u>Id.</u>  As discussed above, the Court carefully considered those cases and correctly found that they were readily distinguishable.

Because Defendants have failed to show that there is a substantial ground for difference of opinion on the assignment or standing issue, the Court should deny Defendants' request to certify the Order for interlocutory appeal.  <u>See</u> <u>Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.</u>, Nos. 13-8042, 13-8043, 2014 WL 903374, at *1 (8th Cir. Mar. 10, 2014) (district court abused its discretion in certifying interlocutory appeal where defendants presented no Missouri authority on the controlling issue of law certified for appeal); <u>Union County</u>, 525 F.3d 643, 647 (8th Cir. 2008) (district court abused its discretion in certifying interlocutory appeal where a substantial ground for difference of opinion was not satisfied because plaintiff offered no Iowa opinions, statutes or rules).  <u>Ray</u>, 971 F. Supp. 2d at 895 (substantial ground for difference of opinion not shown where there was a dearth of cases and "Defendant cites no caselaw reaching a conclusion contrary to that of this court").

### 2.    Certification Will Not Materially Advance the Ultimate Termination of the Litigation.

The Court also should deny Defendants' request for certification because Defendants cannot show that certification will materially advance the ultimate termination of the litigation. Defendants argue that this third jurisdictional requirement for certification is met because the "immediate interlocutory appeal, if successful, would materially advance the ultimate termination of the litigation because it would fully dispose of this action."  Def.'s Br. at 11.  The only case that Defendants cite for this proposition is the Eighth Circuit's decision in <u>White</u>, 43 F.3d at 376, which concluded that the district court abused its discretion in certifying

interlocutory appeal because none of the jurisdictional requirements for certification, including

the third requirement, were satisfied.

A far more relevant case is <u>Ray</u>, in which another court in the Southern District of Iowa

recently considered, and rejected, the same argument Defendants are making here – that, if

certification was granted and the appeal was successful, the litigation would end.  971 F. Supp.

2d at 896.  The <u>Ray</u> Court acknowledged that, "Defendant is correct that *if* this Court certifies the

matter, and *if* the Eighth Circuit agrees with Defendant's position [], [then] this litigation will

end[,]" but also appropriately considered how long the litigation would be prolonged in the event

that the Court of Appeals affirmed the district court's ruling:

> The Court cannot, however, ignore the reasonable likelihood of an
> alternate outcome, namely that the Court of Appeals would affirm
> this Court's ruling on the [] issue. Indeed, if this latter scenario
> comes to fruition, the litigation in this matter will have been
> dramatically and unnecessarily prolonged, at significant expense to
> both parties, by an interlocutory appeal.

<u>Id.</u> (emphasis in opinion).

Moreover, this Court has previously recognized similar flaws in this argument in refusing

to certify an order for interlocutory appeal.  As the Court observed:

> [T]here is no guarantee that Defendant's suggested course of action
> will resolve the issues presented. In fact, the Court of Appeals may
> not accept certification of the interlocutory appeal []; and if the
> appellate court does issue an order, that decision will only be
> binding on the courts of this circuit.

<u>Phillips</u>, 2004 WL 1968676, at *2 (denying motion for reconsideration and refusing to certify the

issue for interlocutory appeal) (Gritzner, J.).

This Court should also consider the reasonable likelihood that the Court of Appeals

would find certification improper given the clear dearth of authority on this issue, or would

affirm this Court's ruling that the assignment at issue did not transfer Plaintiffs' right to bring

securities claims against Defendants given the extremely rare nature of allowable assignments after <u>Blue Chip</u>.  Certifying the Order for interlocutory appeal would most likely only unnecessarily prolong this case at significant expense to both parties, rather than materially advancing the ultimate termination of the litigation.

## IV.   CONCLUSION

For reasons set forth above, the Court should deny Defendants' Motion in its entirety.

DATED: July 3, 2014                    Respectfully submitted,

/s/ Helen K. Michael
Helen K. Michael (admitted *pro hac vice*)
D.C. Bar No. 422972
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street NW, Suite 900
Washington, D.C. 20005-2018
Telephone:  (202) 508-5800
Facsimile:   (202) 508-5858
hmichael@kilpatricktownsend.com

Alfred S. Lurey (admitted *pro hac vice*)
Ga. Bar No. 461500
Stephen E. Hudson (admitted *pro hac vice*)
Ga. Bar No. 374692
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309
Telephone:  (404) 815-6500
Facsimile:   (404) 815-6555
alurey@kilpatricktownsend.com
shudson@kilpatricktownsend.com

and

John T. Clendenin #AT0001529
NYEMASTER GOODE, P.C.
700 Walnut St., Suite 1600
Des Moines, IA 50309
Telephone: (515) 283-3138
Facsimile:  (515) 283-8045
jtc@nyemaster.com

*Counsel for the Plaintiffs*

-17-

US2008 5755050 1

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on July 3, 2014, I electronically filed the foregoing with the Clerk of

Court using the ECF system, and to my knowledge a copy of this document will be served on the

parties or attorneys of record by the ECF system.


    /s/ Helen K. Michael_____

Helen K. Michael

Attorney for Plaintiffs